IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS LOUIS WHITFIELD, SR. | § | |
| #10059863 | § | |
| v. | § | C.A. NO. C-09-103 |
| | § | |
| DR. FLORES, ET AL. | § | |

## ORDER OF DISMISSAL

In this civil rights action pursuant to 42 U.S.C. § 1983, plaintiff Curtis Louis Whitfield, Sr. alleges that defendants were deliberately indifferent to his serious medical needs while he was confined at the Nueces County Jail. (D.E. 1). In particular, he complains that defendants failed to regulate properly his high blood pressure, and erroneously assigned him to a top bunk, resulting in his falling off the bunk and injuring his hip. Id. He claims further that defendants have failed to treat his hip injury. He is seeking medical attention for his hip and damages for his pain and suffering.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's pro se complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, plaintiff's claims are dismissed with prejudice for failure to state a claim.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.  JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  After consent by the plaintiff, (D.E. 8), this case was referred to a United States magistrate judge to conduct all further proceedings, including entry of final judgment.  (D.E. 9); see also 28 U.S.C. § 636(c).

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS

Plaintiff is currently confined at the Nueces County Jail.  He filed this lawsuit on May 8, 2009, naming the following medical personnel on contract with the county jail as defendants: (1) Dr. Flores; (2) Nurse Amy LNU; and (3) Nurse Gallegos.

A Spears[1] hearing was held on May 20, 2009.  The following allegations were made in plaintiff's original complaint, (D.E. 1), or at the hearing:

Plaintiff was arrested on March 24, 2009, and taken to the Nueces County Jail.  At his medical intake screening, he advised Nurse Amy that he had high blood pressure for which he had been prescribed 20 milligrams of Norvasc.  However, he related that he had not taken Norvasc for approximately five months prior to his arrest.

Nurse Amy checked plaintiff's blood pressure and found that it was indeed high.  She gave him a hypertension medication, noting that it was not Norvasc, but a similar statin medication.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff returned to the holding cell, and laid down. He then began experiencing ringing in his ears, dizziness, and a nose bleed. He tried to stand up, but fell. Medical personnel came and checked his blood pressure, and found that it was even higher than before. Nurse Amy gave him additional medication, which successfully brought down his blood pressure. She told plaintiff that she would have to increase his dosage again.

A day or two later, plaintiff was assigned to Unit 4-P, 17-cell. He was given a lower bunk because of his age (54) and preexisting medical conditions. Although he did not have a lower bunk pass, it was documented in his jail medical file that he was restricted to a lower bunk.

On an unspecified date, plaintiff was moved to 10-cell, and assigned a top bunk. He began to feel that his blood pressure was rising, and when Nurse Gallegos came by on medication rounds, he told her that he was not feeling well and asked that she check his blood pressure. Nurse Gallegos told plaintiff that she did not have the blood pressure equipment with her, but she gave him his medication. The medication caused plaintiff's blood pressure to "shoot up." He attempted to get on his bunk to lie down, but instead fell, hurting his hip. Plaintiff told Nurse Gallegos that he had fallen and hurt his hip, and he requested to see the doctor. She told him that he would have to submit a sick call request.

Plaintiff submitted a sick call request, and, three days later, he was called to the infirmary. He was not seen by a doctor, but another female medical employee. This medical provider performed a brief examination and prescribed pain medication; however, she did not take x-rays.

On May 10, 2009, x-rays were taken of plaintiff's hip. He has not received the result from the x-rays yet. Plaintiff is still taking pain medication, although it does not relieve all of his hip pain.

Plaintiff claims that Nurse Amy was deliberately indifferent to his serious medical needs because she prescribed him another medication instead of Norvasc. He further asserts that Nurse Gallegos was deliberately indifferent because she did not take his blood pressure on rounds when he complained about it. Next, he argues that Dr. Flores and both nurses were deliberately indifferent because they failed to ensure that he have a bottom bunk. Finally, he claims that all defendants have failed to treat his hip pain properly.

### III.  DISCUSSION

**A.    Legal Standard For A Civil Rights Action Pursuant To 42 U.S.C. § 1983.**

Federal law provides for sua sponte dismissal if the Court finds that the complaint is frivolous or that it fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(a); 42 U.S.C. § 1997e(c)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Supreme Court has established that "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002) (citation omitted). The complaint must be liberally

construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id. (citation omitted).

**B.**     **Plaintiff Failed To State A Claim Of Deliberate Indifference To His Medical Needs.**

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. amend. VIII. As such, prison officials are mandated to provide humane conditions of confinement; ensure that inmates receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee the safety of the inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the officials acted with deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Wilson v. Seiter, 501 U.S. 294, 303 (1991); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference is more than mere negligence. Id. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837. Thus, to state a claim of deliberate indifference for purposes of surviving § 1915A screening, plaintiff must allege that defendants were: (1) aware of specific facts from which the inference could be drawn that a serious medical need exists; and (2) perceiving the risk, defendants deliberately failed to act. Id.

Negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); see also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). As long as jail medical personnel exercise professional

medical judgment, their behavior will not violate a prisoner's constitutional rights.  Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Moreover, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an extremely high standard to meet."  Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

        **1.**        **Plaintiff fails to state a claim against Dr. Flores.**

Plaintiff claims Dr. Flores was deliberately indifferent to his serious medical needs because he did not enforce the lower bunk restriction; he allowed nurses to prescribe and change medications, and he has not rendered treatment for his hip injury.  At the evidentiary hearing, however, plaintiff admitted that he has never met or been treated by Dr. Flores.

To state a cause of action under § 1983, a plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.  Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).  In addition, § 1983 does not create supervisory or *respondeat superior* liability.  Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002).  Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983.  Id. at 742 n.6 (citing Alton v. Tex. A&M Univ., 168 F.3d 196, 200 (5th Cir. 1999)).  Supervisory officials may be held liable only if they (1) affirmatively participate in acts that cause the constitutional deprivation or (2) implement unconstitutional policies that causally result in plaintiff's injury.  Oliver, 276 F.3d at 742; Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1997).

Plaintiff admits that he has not been seen or treated by Dr. Flores.  He has never spoken to Dr. Flores personally, nor has he made him aware of his medical complaints.  Plaintiff does not suggest that Dr. Flores has denied him requested treatment or ignored any requests for help.  He is attempting to hold Dr. Flores liable for the alleged acts or omissions of the jail medical staff; however, § 1983 will not support liability on the basis that Dr. Flores might have a supervisory role at the jail.  As such, plaintiff fails to state a claim against Dr. Flores.

### 2. Plaintiff fails to state a claim against Nurse Amy.

Plaintiff claims that Nurse Amy violated his constitutional rights when she changed his medication from Norvasc to another hypertension medication.  However, active treatment of a prisoner's serious medical condition or needs does not constitute deliberate indifference, even if the treatment is negligently administered.  See Stewart, 174 F.3d at 534.  Here, plaintiff met with Nurse Amy at his intake screening on March 24, 2009, when he entered Nueces County Jail.  He told her he had been taking Norvasc for his hypertension, but admitted that he had not taken his medication for the past five months prior to his arrest.  Nurse Amy took his blood pressure, determined it was high, and prescribed him medication to help bring it down.  Later that day, after plaintiff fell in the holding cell, she gave him additional medication which did bring his blood pressure down successfully.

Plaintiff does not suggest that Nurse Amy denied him treatment.  There are no facts to suggest that she knew of a serious medical need and ignored it.  To the contrary, she treated plaintiff's high blood pressure.  To the extent plaintiff complains that she was a nurse instead of a doctor, he fails to state a claim.  Prisoners are not entitled to "the best that money could buy" regarding medical treatment.  Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  To the extent he

claims that Nurse Amy is violating state law regulations regarding prescription medications, those claims fail to raise a constitutional concern.  Moreover, nurses routinely provide medications according to a physician's instructions.  Plaintiff fails to state a cognizable claim against Nurse Amy.

### 3. Plaintiff fails to state a claim against Nurse Gallegos.

Plaintiff claims that Nurse Gallegos was deliberately indifferent to his serious medical needs when, on pill rounds, he told her that his blood pressure was high, and she replied that she did not have the equipment with her for measuring his blood pressure at that moment.  This allegation fails to state a claim because it fails to allege that Nurse Gallegos ignored a serious medical need of plaintiff.  Indeed, Nurse Gallegos explained why she could not measure his blood pressure right then, and she gave him his medication.  Later during her shift, she returned and took his blood pressure and worked with him to lower it.  Moreover, plaintiff fails to explain how confirming that his blood pressure was high by measuring it would have assisted him.  He believed it was high and still attempted to get on his bunk.  Plaintiff fails to offer any facts to suggest that Nurse Gallegos ignored his serious medical needs.

### 4. Plaintiff's claim regarding his lower bunk assignment and hip treatment do not state a constitutional violation.

Plaintiff complains in general terms that defendants were deliberately indifferent to his hypertension because they allowed him to be assigned to a top bunk.  However, plaintiff fails to allege that defendants were in charge of prisoner bunk or cell assignment.  Indeed, he admitted that his lower bunk restriction was well documented in his medical file, and he does not claim that Dr. Flores, Nurse Amy, or Nurse Gallegos changed the low bunk designation.  Moreover, he does not claim that he asked defendants to intervene with housing to insist him in obtaining a

lower bunk, or in any other way called the matter to defendants' attention. This allegation is without merit.

Finally, plaintiff complains that, following his fall from his top bunk, defendants have been deliberately indifferent to his hip injury. Plaintiff testified that, after he fell, Nurse Gallegos told him to submit a sick call request. However, he admitted that there was no blood or bruising, and he was able to stand and walk. Three days later, he was seen in the infirmary. He complains that the examination was perfunctory and that his hip was not x-rayed. However, he admits that none of the named defendants were involved in that examination. Moreover, he was prescribed pain medication and his hip was later x-rayed. The result was still pending as of his <u>Spears</u> hearing. Plaintiff fails to suggest that any defendant knew of a serious injury to plaintiff's hip, yet ignored that injury.

## IV.  CONCLUSION

Because plaintiff fails to state a claim on which relief can be granted, his claims are barred by 28 U.S.C. § 1915(e)(2). Accordingly, plaintiff's claims are dismissed with prejudice.

ORDERED this 26th day of May 2009.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE